UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------------------X

ELVIS MORENO,

                              Plaintiff,

      -against-

CITY OF NEW YORK, JAMES MALPESO, Individually, UNDERCOVER POLICE OFFICER 210, Individually, RAYMOND WITTICK, Individually, and JOHN and JANE DOE 1 through 10, Individually (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                              Defendants.

**AMENDED COMPLAINT**

22 CV 4111
(FB) (SJB)

Jury Trial Demanded

---------------------------------------------------------------------------------X

Plaintiff ELVIS MORENO, by his attorneys, Brett H. Klein, Esq., PLLC, complaining of the defendants, respectfully alleges as follows:

## Preliminary Statement

1.    Plaintiff brings this action for compensatory damages, punitive damages, and attorneys' fees pursuant to 42 U.S.C. §§ 1983, and 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitution of the United States. Plaintiff also asserts supplemental state law claims.

## JURISDICTION

2.    This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

3.    Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343 and 1367.

## VENUE

4.    Venue is properly laid in the Eastern District of New York under 28 U.S.C. § 1391(b), in that this is the district in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6. Plaintiff ELVIS MORENO is a forty-two-year-old Black Hispanic man residing in Yonkers, New York.

7. Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendant CITY OF NEW YORK maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, CITY OF NEW YORK.

9. That at all times hereinafter mentioned, the individually named defendants JAMES MALPESO, UNDERCOVER POLICE OFFICER 210, RAYMOND WITTICK, and JOHN and JANE DOE 1 through 10, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10. That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the City of New York.

11. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW

YORK.

## FACTS

12.     This action arises from the malicious prosecution and unjust conviction of plaintiff ELVIS MORENO based on false allegations of the defendants.

13.     Plaintiff was arrested on or about June 10, 2015, based on the defendants' false claims that plaintiff was purportedly involved in a conspiracy to sell heroin and that he participated in the sale of heroin on April 25, 2015, and on May 1, 2015.

14.     Plaintiff was arrested by defendant JAMES MALPESO and prosecuted based on the false claims of defendants MALPESO, UNDERCOVER 210, and RAYMOND WITTICK under Richmond County Indictment No. 145/2015.

15.     Defendants initiated said prosecution with malice, and otherwise caused said prosecution to be commenced against plaintiff without probable cause and based on insufficient evidence to believe plaintiff had committed the crimes for which he was prosecuted.

16.     Defendants MALPESO, UNDERCOVER OFFICER 210, and WITTICK created and manufactured the false evidence which was used against plaintiff in the aforementioned legal proceedings, including that plaintiff had engaged in the sale of heroin with Undercover Officer 210 on April 25, 2015, and in a second sale that occurred on May 1, 2015. These allegations were false.

17.     As a result of the defendants' conduct, plaintiff was compelled to return to court on numerous occasions and face trial for these false allegations.

18.     Defendants MALPESO, UNDERCOVER 210, and WITTICK testified at plaintiff's trial, where they reiterated their false claims, falsely implicating plaintiff in an alleged

conspiracy to sell heroin.

19.   Thereafter, on July 31, 2018, after being unjustly convicted of Conspiracy in the 4th Degree, P.L. 105.10(01), and Criminal Sale of a Controlled Substance in the 3rd Degree, P.L. 220.39(01), plaintiff was sentenced to seven years of imprisonment by the Honorable William Garnett, Justice of the Supreme Court of Richmond County. Plaintiff was acquitted of the May 1, 2015, alleged sale.

20.   Subsequently, on April 14, 2021, plaintiff's unjust conviction was dismissed in the Supreme Court of the State of New York, Appellate Division, Second Department, on the grounds that the evidence to was legally insufficient to establish that plaintiff was involved in or conspired in the sale of heroin on April 25, 2015.

21.   Leave to Appeal to the State of New York Court of Appeals was subsequently denied on June 21, 2021, and the proceedings were then dismissed and sealed, and otherwise favorably terminated.

22.   As a result of defendants' actions, plaintiff was incarcerated for approximately two years and nine months.

23.   Defendants MALPESO, UNDERCOVER OFFICER 210, WITTICK, and JOHN and JANE DOE 1 through 10 either directly participated in the above illegal acts, failed to intervene in them despite a meaningful opportunity to do so, or supervised and approved of, oversaw, and otherwise participated in the aforementioned misconduct.

24.   All of the above occurred as a direct result of the unconstitutional policies, customs, or practices of the City of New York, including, without limitation, the inadequate screening, hiring, retaining, training, and supervising its employees; and pursuant to customs or

practices of employing individuals who were unqualified for their jobs and who engaged in falsification, and of lax investigations.

25. The aforesaid event is not an isolated incident. Defendant CITY OF NEW YORK is aware from lawsuits, notices of claims, complaints filed with the NYPD's Internal Affairs Bureau, and the CITY OF NEW YORK'S Civilian Complaint Review Board, and extensive media coverage that many NYPD officers, including the defendants engage in a practice of falsification.

26. For instance, in another civil rights action filed in this court involving false allegations regarding narcotics arrests by NYPD officers, Judge Jack B. Weinstein pronounced:

> Informal inquiry by the court and among judges of this court, as well as knowledge of cases in other federal and state courts, has revealed anecdotal evidence of repeated, widespread falsification by arresting police officers of the New York City Police Department. . .. [T]here is some evidence of an attitude among officers that is sufficiently widespread to constitute a custom or policy by the city approving illegal conduct of the kind now charged. *Colon v. City of New York, et. al.,* 2009 WL 4263362, *2 (E.D.N.Y. 2009).

27. Defendant CITY OF NEW YORK is further aware that such improper training and supervision has often resulted in a deprivation of civil rights. Despite such notice, defendant CITY OF NEW YORK has failed to take corrective action. This failure caused the officers in the present case to violate the plaintiffs' civil rights.

28. Moreover, upon information and belief, defendant CITY OF NEW YORK was aware, prior to the incident, that the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers. Despite such notice, defendant CITY of NEW YORK has retained these officers, and failed to adequately train and supervise them.

29. All of the aforementioned acts of defendants, their agents, servants, and employees were conducted under the color of state law.

30. All of the aforementioned acts deprived plaintiff ELVIS MORENO of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

31. The acts complained of were conducted by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

32. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure, or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

33. As a result of the foregoing, plaintiff ELVIS MORENO sustained, *inter alia*, serious physical injuries, emotional distress, embarrassment, and humiliation, and deprivation of his constitutional rights.

## Federal Claims

### AS AND FOR A FIRST CAUSE OF ACTION
(Violation of Right to Fair Trial under 42 U.S.C. § 1983)

34. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "33" with the same force and effect as if fully set forth herein.

35. Defendants created false evidence against plaintiff ELVIS MORENO.

36. Defendants utilized this false evidence against plaintiff ELVIS MORENO in legal proceedings.

37. As a result of defendants' creation and use of false evidence, plaintiff ELVIS MORENO suffered a violation of his constitutional rights to a fair trial, as guaranteed by the United States Constitution, and was deprived of his liberty.

38. As a result of the foregoing, plaintiff ELVIS MORENO is entitled to compensatory damages in an amount to be fixed by a jury and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs, and disbursements of this action.

**AS AND FOR A SECOND CAUSE OF ACTION**
(Malicious Prosecution under 42 U.S.C. § 1983)

39. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "38" with the same force and effect as if fully set forth herein.

40. Defendants initiated, commenced, and continued a malicious prosecution against plaintiff ELVIS MORENO.

41. Defendants caused plaintiff ELVIS MORENO to be prosecuted without any probable cause until the charges were dismissed on or about April 14, 2021.

42. As a result of the foregoing, plaintiff ELVIS MORENO is entitled to compensatory damages in an amount to be fixed by a jury and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs, and disbursements of this action.

**AS AND FOR A THIRD CAUSE OF ACTION**
(Failure to Intervene under 42 U.S.C. § 1983)

43. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "42" with the same force and effect as if fully set forth herein.

7

44. Defendants had an affirmative duty to intervene on behalf of plaintiff ELVIS MORENO, whose constitutional rights were being violated in their presence by other officers.

45. The defendants failed to intervene to prevent the unlawful conduct described herein.

46. As a result of the foregoing, plaintiff ELVIS MORENO was maliciously prosecuted, denied his right to fair trial, compelled to appear in criminal court, and his liberty was restricted for an extended period of time.

47. As a result of the foregoing, plaintiff ELVIS MORENO is entitled to compensatory damages in an amount to be fixed by a jury and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs, and disbursements of this action.

## AS AND FOR A FOURTH CAUSE OF ACTION
(Supervisory Liability under 42 U.S.C. § 1983)

48. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "47" with the same force and effect as if fully set forth herein.

49. The supervisory defendants personally caused plaintiff's constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

50. As a result of the foregoing, plaintiff ELVIS MORENO is entitled to compensatory damages in an amount to be fixed by a jury and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs, and disbursements of this action.

## AS AND FOR A FIFTH CAUSE OF ACTION
<u>(Municipal Liability under 42 U.S.C. § 1983)</u>

51. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "50" with the same force and effect as if fully set forth herein.

52. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure, or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

53. The aforementioned customs, policies, usages, practices, procedures, and rules of the New York City Police Department included, but were not limited to, inadequate screening, hiring, retaining, training, and supervising its employees that was the moving force behind the violation of plaintiff ELVIS MORENO' rights as described herein. In addition, the New York City Police Department was aware that many officers engage in falsification in support of improper arrests. As a result of the failure of the CITY OF NEW YORK to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

54. The foregoing customs, policies, usages, practices, procedures, and rules of the CITY OF NEW YORK and the New York City Police Department constituted deliberate indifference to the safety, well-being, and constitutional rights of plaintiff ELVIS MORENO.

55. The foregoing customs, policies, usages, practices, procedures, and rules of the CITY OF NEW YORK and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff ELVIS MORENO as alleged herein.

56. The foregoing customs, policies, usages, practices, procedures, and rules of the

CITY OF NEW YORK and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiff ELVIS MORENO as alleged herein.

57. As a result of the foregoing customs, policies, usages, practices, procedures, and rules of the CITY OF NEW YORK and the New York City Police Department, plaintiff ELVIS MORENO was maliciously prosecuted and denied his right to a fair trial.

58. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff ELVIS MORENO' constitutional rights.

59. All of the foregoing acts by defendants deprived plaintiff ELVIS MORENO of federally protected rights, including, but not limited to, the right:

    A. To be free from the failure to intervene;

    B. To receive his right to fair trial; and

    C. To be free from malicious prosecution.

60. As a result of the foregoing, plaintiff ELVIS MORENO is entitled to compensatory damages in an amount to be fixed by a jury and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs, and disbursements of this action.

## Supplemental State Law Claims

61. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "60" with the same force and effect as if fully set forth herein.

62. Within ninety (90) days after the claims herein accrued, plaintiff duly served upon, presented to, and filed with the CITY OF NEW YORK, Notices of Claim setting forth all facts and information required under the General Municipal Law 50-e.

63. The CITY OF NEW YORK has wholly neglected or refused to make an adjustment or payment thereof and more than thirty (30) days have elapsed since the presentation of such claim as aforesaid.

64. This action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

65. Plaintiff has complied with all conditions precedent to maintaining the instant action.

66. This action falls within one or more of the exceptions as outlined in C.P.L.R. 1602.

## AS AND FOR A SIXTH CAUSE OF ACTION
(Malicious Prosecution under the laws of the State of New York)

67. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "66" with the same force and effect as if fully set forth herein.

68. Defendant officers initiated, commenced, and continued a malicious prosecution against plaintiff ELVIS MORENO.

69. Defendant officers caused plaintiff ELVIS MORENO to be prosecuted without probable cause until the unjust conviction and indictment were dismissed on or about April 14, 2021.

70. Defendant City, as employer of the individually named defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior.*

71. As a result of the foregoing, plaintiff ELVIS MORENO is entitled to compensatory damages in an amount to be fixed by a jury and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable

11

attorneys' fees, costs, and disbursements of this action.

### AS AND FOR A SEVENTH CAUSE OF ACTION
(Negligent Screening, Hiring, and Retention under the laws of the State of New York)

72. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraph numbered "1" through "71" with the same force and effect as if fully set forth herein.

73. Upon information and belief, defendant CITY OF NEW YORK failed to use reasonable care in the screening, hiring and retention of the aforesaid defendants who conducted and participated in the arrest of plaintiff ELVIS MORENO.

74. Defendant CITY OF NEW YORK knew or should have known in the exercise of reasonable care, the propensities of the individual defendants to engage in the wrongful conduct heretofore alleged in this Complaint.

75. As a result of the foregoing, plaintiff ELVIS MORENO is entitled to compensatory damages in an amount to be fixed by a jury and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs, and disbursements of this action.

### AS AND FOR AN EIGHTH CAUSE OF ACTION
(Negligent Training and Supervision under the laws of the State of New York)

76. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "75" with the same force and effect as if fully set forth herein.

77. Upon information and belief, the defendant CITY OF NEW YORK failed to use reasonable care in the training and supervision of the aforesaid defendants who conducted and participated in the excessive use of force against and the arrest of plaintiff ELVIS MORENO.

78. As a result of the foregoing, plaintiff ELVIS MORENO is entitled to

compensatory damages in an amount to be fixed by a jury and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs, and disbursements of this action.

### AS AND FOR A NINTH CAUSE OF ACTION
(Negligence under the laws of the State of New York)

79. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "78" with the same force and effect as if fully set forth herein.

80. Plaintiff's injuries herein were caused by the carelessness, recklessness, and negligence of the defendant CITY OF NEW YORK and its employees and agents, who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

81. Defendant City, as employer of the individually named defendant officers, is responsible for their negligence under the doctrine of *respondeat superior.*

82. As a result of the foregoing, plaintiff ELVIS MORENO is entitled to compensatory damages in an amount to be fixed by a jury and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs, and disbursements of this action.

**WHEREFORE**, plaintiff ELVIS MORENO demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A)    full and fair compensatory damages in an amount to be determined by a jury;

(B)    punitive damages against the individual defendants in an amount to be determined by a jury;

(C)    reasonable attorneys' fees and the costs and disbursements of this action; and

(D)    such other and further relief as appears just and proper.

Dated:  New York, New York
        December 22, 2022

                                            BRETT H. KLEIN, ESQ., PLLC
                                            Attorneys for Plaintiff ELVIS MORENO
                                            305 Broadway, Suite 600
                                            New York, New York 10007
                                            (212) 335-0132

                                  By:    _____
                                            BRETT H. KLEIN (BK4744)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------------------X

ELVIS MORENO,

                                  Plaintiff,                22 CV 4111
                                                            (FB) (SJB)

      -against-

CITY OF NEW YORK, JAMES MALPESO, Individually,
UNDERCOVER OFFICER 210, Individually, RAYMOND
WITTICK, Individually, and JOHN and JANE DOE 1 through 10,
Individually (the names John and Jane Doe being fictitious, as the true
names are presently unknown),

                                  Defendants.

---------------------------------------------------------------------------------X


**AMENDED COMPLAINT**


**BRETT H. KLEIN, ESQ., PLLC**
Attorneys for the Plaintiff
305 Broadway, Suite 600
New York, New York 10007
(212) 335-0132